**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4555**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY WILLIAM PERDUE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:05-cr-00047-gec-1)

_____

Submitted: March 21, 2007          Decided:  May 21, 2007

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Randy V. Cargill, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Rodney William Perdue entered a plea of guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(2000) (Count One), and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(2000) (Count Three). The district court sentenced Perdue to two concurrent sentences of 70 months of imprisonment. Perdue reserved the right to appeal the district court's denial of his motion to suppress evidence relating to Count One, in which he argued the evidence seized from his person was obtained without probable cause and as a result of an unlawful search. Finding no error, we affirm.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

In determining whether probable cause existed for an arrest, the court must look at the totality of the circumstances surrounding the arrest. Illinois v. Gates, 462 U.S. 213, 230-32 (1983); Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996).

Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998) (citations omitted). Determining whether the information surrounding an arrest is sufficient to establish probable cause is an individualized and fact-specific inquiry. Wong Sun v. United States, 371 U.S. 471, 479 (1963). Additionally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. United States v. Arvizu, 534 U.S. 266, 273 (2002).

The district court based its finding of probable cause on the following facts available to the officers: (1) the driver of the car in which Perdue was riding was responding to a call from a police source attempting to make a drug delivery; (2) the confidential source identified the driver of the car; (3) Perdue refused to cooperate with police when their weapons were drawn; (4) when asked to place his hands in the air, Perdue instead placed his hands in the back of his pants as if to shove something down; (5) an initial weapons pat down of Perdue revealed no weapon. Moreover, Detective Daniel explained that in his experience in drug interdiction, drug dealers did not travel with individuals who were

- 3 -

not involved in drug activity, drug dealers were often accompanied by others who physically transported the drugs to be sold, those involved with drug dealing frequently carried weapons, and when threatened with interception by the police, those in possession of drugs often concealed the drugs in their buttocks.  Therefore, he drew an inference based on these observations and the cumulative evidence that Perdue was carrying contraband.

We conclude that the totality of the circumstances, when construed in the light most favorable to the Government, provided the officers with probable cause to believe Perdue was engaged in criminal activity, thus justifying his continued detention and search.  Accordingly, we affirm Perdue's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED